# EXHIBIT A

# Complaint

# EXHIBIT A

Electronically Filed
8/31/2020 2:23 PM
Steven D. Grierson
CLERK OF THE COURT

**COMJD**
GABROY LAW OFFICES
Christian Gabroy (#8805)
Kaine Messer (#14240)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel   (702) 259-7777
Fax  (702) 259-7704
christian@gabroy.com
kmesser@gabroy.com
*Attorneys for Plaintiff*

CASE NO: A-20-820434-C
Department 2

## EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| JARED KOHN, an individual; <br><br> Plaintiff, <br><br> vs. <br><br> ALL CITY PHARMACY L.L.C.; GAREN GARARAKHANYAN, an individual; EMPLOYEE(S)/AGENT(S) DOES I-X; AND ROE CORPORATIONS XI-XX, INCLUSIVE, <br><br> Defendants. | Case No.: <br> Dept.: <br><br> **COMPLAINT WITH JURY DEMAND** |

### COMPLAINT AT LAW

COMES NOW Plaintiff Jared Kohn, an individual ("Kohn" or "Plaintiff"), and hereby alleges and complains against Defendant All City Pharmacy L.L.C. ("All City") and Garen Gararakhanyan, an individual ("Gararakhanyan") (collectively "Defendants") and states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.   This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and state law for Defendants' failure to pay lawful wages to Plaintiff. Plaintiff customarily worked for Defendants but was not paid all of his lawful wages for time worked, including but not limited to, failure to pay Plaintiff an overtime wage for each hour worked over forty hours per week and/or over eight hours per day. Defendants' unlawful compensation practices have had the effect of denying Plaintiff his

earned wages including but not limited to owed overtime wages during Plaintiff's period of employment for Defendants and during the relevant statutory time periods.

2. Plaintiff herein demands a jury trial on all issues triable by jury.

## THE PARTIES

3. At all times relevant, Plaintiff was a resident of the state of Nevada.

4. Upon information and belief, at all times relevant Defendant Gararakhanyan was a resident of the state of Nevada.

5. Plaintiff is informed and believes, and thereon alleges that at all times relevant, the named corporate Defendant All City was organized under the laws of the State of Nevada, did business in the State of Nevada, Clark County, was licensed to do business in this jurisdiction, and is an "enterprise" as that term is defined in Section 3(r)(1) of the Fair Labor Standards Act, 29 U.S.C. §203 ("FLSA").

6. More specifically, Defendant All City was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, in that Defendant All City has engaged in annual gross volume of sales made or business done in excess of the $500,000.00 minimum threshold requirement of the FLSA, exclusive of excise taxes. §201 et seq.

7. Based on information and belief, at all relevant times, Defendants were the partners, joint ventures, alter-egos, successor companies, agents, co-conspirators, servants, and employees of each of the other Defendants herein, and were acting at all relevant times within the scope, purpose and authority of said partnership, joint venture, agency, service, employment, and conspiracy, and with the knowledge, consent, permission, acquiescence, and ratification of their co-defendants.

8. At all times relevant, Defendant All City was Plaintiff's employer as such term is defined in the FLSA 29 U.S.C. §203 et seq., and N.R.S. Chapter 608 et seq. in that it had custody or control over the Plaintiff, his employment, had responsibility for Plaintiff's labor and employment matters while Plaintiff was employed by them at the time Plaintiff's wages were lawfully due.

9. At all times relevant, Defendant Gararakhanyan was Plaintiff's employer as such term is defined in the FLSA 29 U.S.C. §203 et seq., and N.R.S. Chapter 608 et seq. in that it had custody or control over the Plaintiff, his employment, had responsibility for Plaintiff's labor and employment matters while Plaintiff was employed by them at the time Plaintiff's wages were lawfully due.

10. At all times relevant, Plaintiff was an employee of Defendants as that term is defined 29 U.S.C. §203 et seq.

11. Plaintiff is informed and believes and thereon alleges that at all times relevant, the individually named Defendant resided in Clark County, NV, and was the agents and officers of the named corporate defendant, and had control over the Plaintiff's work, and the ability and authority to control his wages.

12. Based on information and belief, at all relevant times, Defendants were the partners, joint ventures, alter-egos, successor companies, agents, co-conspirators, servants, and employees of each of the other Defendants herein, and were acting at all relevant times within the scope, purpose and authority of said partnership, joint venture, agency, service, employment, and conspiracy, and with the knowledge, consent, permission, acquiescence, and ratification of their co-defendants.

13. At all times relevant, Defendants were Plaintiffs' employers as such term is defined in the FLSA 29 U.S.C. §203 et seq. and N.R.S. Chapter 608 et seq. in that they each had custody or control over the Plaintiff, his employment, had responsibility for Plaintiff's labor and employment matters while Plaintiff was employed by them at the time Plaintiff's wages were lawfully due.

14. At all times relevant, Plaintiff was an employee of Defendants as that term is defined 29 U.S.C. §203 et seq. and N.R.S. 608.010, and were not exempt from any minimum wages and overtime provisions of such statutes.

15. DOE DEFENDANTS I-X, inclusive, are persons and ROE DEFENDANTS XI-XX, inclusive, are corporations or business entities (collectively referred to as "DOE/ROE DEFENDANTS"), whose true identities are unknown to Plaintiff at this time.

1 These DOE/ROE DEFENDANTS may be parent companies, subsidiary companies, owners, predecessor or successor entities, or business advisors, de facto partners, Plaintiff's employer, those holding control over Plaintiff's employment, those allegedly responsible for the allegations contained herein, or joint venturers of Defendants. Individual DOE DEFENDANTS are persons acting on behalf of or at the direction of any Defendant or who may be officers, employees, or agents of Defendants and/or a ROE CORPORATION or a related business entity. These DOE/ROE DEFENDANTS were Plaintiff's employer(s) and/or individuals and are liable for Plaintiff's damages alleged herein for their unlawful employment actions/omissions. Plaintiff will seek leave to amend this Complaint as soon as the true identities of DOE/ROE DEFENDANTS are revealed to Plaintiff.

### JURISDICTION AND VENUE

16. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b) which states in relevant part that this action may be maintained in any Federal or State court of competent jurisdiction.

17. This Court also has jurisdiction over the Nevada State Law claims.

18. Plaintiff hereby files a notice of his consent to joinder. Such true and correct copy of his consent to joinder is hereby attached as Exhibit I.

### GENERAL ALLEGATIONS

19. In or around January of 2019, Plaintiff was hired and began work for Defendants.

20. Plaintiff worked as a pharmacist.

21. Plaintiff was paid on a bi-weekly basis.

22. Defendants routinely instructed and required Plaintiff to work in excess of forty hours per week and/or eight hours per day.

23. Plaintiff routinely worked in excess of forty hours per week on a weekly basis, but Defendants did not provide Plaintiff overtime compensation for such work. *See* attached redacted paychecks hereto as Exhibit II. For example, Defendants failed

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

to pay Plaintiff overtime wages for work during the period of April 1, 2019 to April 15, 2019 during which Plaintiff worked in excess of forty hours per week. Further, Defendants failed to pay Plaintiff overtime wages for work during the week of February 1, 2020 to February 15, 2020 during which Plaintiff worked in excess of forty hours per week but was not paid overtime compensation.

24. Pursuant to 29 U.S.C. § 207, Plaintiff was entitled to be compensated at a rate of one and one-half times a regular hourly rate of pay for all time worked in excess of forty hours in individual workweeks.

25. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks. Instead, Defendants paid Plaintiff his regular hourly rate for all hours worked, including hours worked in excess of forty hours in individual work weeks.

26. Per NRS 608.140, Plaintiff tendered a five-day demand but Defendant All City did not honor such demand and such demand was based upon a reduced amount.

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT – WAGES
### 29 U.S.C. §203 et seq.
### (Plaintiff v. All Defendants)

27. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

28. This count arises from Defendants' violation of the FLSA, 29 U.S.C. §201 et seq. for its failure to pay Plaintiff's overtime compensation for each hour worked in excess of forty hours in an individual work week.

29. At all material times hereto, Plaintiff was employed by Defendants as an "employee" within the meaning of §203(e)(1) of the FLSA. Plaintiff performed a variety of job duties, labor, services, and responsibilities for Defendants within this judicial district that are subject to the aforesaid provisions of the FLSA.

30. Plaintiff performed a variety of job duties and responsibilities such as that of a pharmacist for Defendants within this judicial district.

31. Plaintiff has been an employee of the Defendants during the time period pertinent to this Complaint, and during a portion of the three years immediately preceding the initiation of this action.

32. At all material times hereto, Defendants' were Plaintiff's "employer" per the FLSA, 29 U.S.C. §203(d). Plaintiff brings this first claim for relief pursuant to 29 U.S.C. 216(b) and has consented in writing to join this action. *See* Exhibit I.

33. At all times relevant and during the course of his employment for Defendants, Plaintiff was employed by Defendants and was not exempt from the overtime provisions of the FLSA 29 U.S.C. §207, *et seq*.

34. Pursuant to 29 U.S.C. §207, Plaintiff was entitled to be compensated at a rate of one and one-half times a base hourly pay rate for each hour worked in excess of forty hours per week.

35. Plaintiff was directed by Defendants to work, and did such work in excess of forty hours per week.

36. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks. Instead, Defendants compensated Plaintiff with a set hourly rate for all hours worked, including hours worked in excess of forty (40) in individual work weeks. For example, Plaintiff worked in excess of 40 (forty) hours per week but was paid his regular hourly rate for those hours worked. In violation of the law, Plaintiff worked in excess of 40 hours per week but was not paid overtime compensation. *See* Exhibit II.

37. Defendants' failure and refusal to pay lawful wages to Plaintiff for overtime wages owed violated the FLSA, 29 U.S.C. §207, *et seq*.

38. Defendants willfully violated the FLSA by refusing to pay Plaintiff all lawful wages, including overtime compensation. All of the alleged various violations of the law herein were committed intentionally and/or willfully by the Defendants herein.

39. Per the FLSA, Plaintiff seeks all available damages including but not

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

limited to attorneys' fees, liquidated damages, and all lawful wages.

40. Plaintiff seeks a judgment for unpaid overtime compensation, and additional liquidated damages of one hundred percent of any unpaid overtime compensation, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to Plaintiff.

41. Plaintiff also seeks an award of attorney's fees, interest and costs as provided for by the FLSA.

## COUNT II
### FAILURE TO PAY WAGES / OVERTIME WAGE
### N.R.S. 608.005 et seq.
### (Plaintiff v. Defendant All City)

42. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

43. NRS 608.005, et seq. which applies to Defendant's business, states that an employee must be paid overtime, equal to one and a half times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

44. Defendant failed to pay Plaintiff his lawful wages in accordance with NRS 608.005, et seq. by compensating Plaintiff only his regular hourly rate, although Plaintiff often worked over forty hours a week.

45. As such, Defendant failed to pay Plaintiff his lawful wages.

46. Pursuant to N.R.S. 608.018, Plaintiff was entitled to receive one and one-half times his regular wage rate whenever he worked in excess of forty hours per week.

47. Plaintiff was routinely directed by Defendant to work in excess of eight hours per day and forty hours per week, and did such work, but Defendant did not pay Plaintiff one and one-half times his regular wage for such hours worked in excess of forty hours per week.

48. Plaintiff is not exempt from any provision of the Nevada statutes regarding overtime compensation.

49. Defendant's failure and refusal to pay lawful wages to Plaintiff his overtime wages and minimum wage owed violated N.R.S. 608.005 *et seq.*

50. As a direct proximate result of Defendant's failure to pay lawful wages to Plaintiff, he has suffered general, special, and consequential damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

51. Pursuant to NRS 608.005, 608.040 and 608.140, *et seq.* Plaintiff seeks all available damages for such unlawful payment practices.

52. Plaintiff seeks all available damages for Defendant All City's violation of NRS 608.016 and suitable injunctive relief requiring Defendant to pay proper overtime wages to Defendant All City's employees in the future, such injunction enforced by appropriate judicial monitoring and oversight, along with attorney's fees, costs, and interest.

53. It was necessary for Plaintiff to retain the services of an attorney to file this action which entitles Plaintiff to an award of reasonable attorney's fees and costs in this suit.

## COUNT III
### VIOLATION OF NEVADA REVISED STATUTES §§ 608.040-.050
#### (Plaintiff v. Defendant All City)

54. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

55. Plaintiff has been separated from his employment with Defendant All City and at the time of such separation was owed unpaid wages by Defendant All City.

56. Defendant All city has failed and refused to pay the named plaintiff his earned but unpaid wages, such conduct by such Defendant constituting a violation of Nevada Revised Statutes § 608.020, or § 608.030 and giving Plaintiff a claim against the defendants for a continuation after the termination of his employment with Defendant of the normal daily wages defendants would pay them, until such earned but unpaid wages are actually paid or for 30 days, whichever is less, pursuant to Nevada Revised Statutes § 608.040.

57. As a result of the foregoing, Plaintiff seeks a judgment against the defendants for the wages owed to him as prescribed by Nevada Revised Statutes § 608.040-.050, to wit, for a sum equal to up to sixty days wages, along with interest, costs and attorneys' fees.

## COUNT IV
## NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION
(Plaintiff v. Defendant All City)

58. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

59. Defendant All City had a duty of reasonable care to protect Plaintiff from the negligent and/or careless actions of its own agents, officers, employees and others. In addition, Defendant All City had a duty not to hire individuals with a propensity towards committing unlawful acts against Plaintiff, and to adequately train and supervise its employees in regards to all correct policies and procedures in regards to its own contract and compensation terms.

60. Defendant All City knew and/or should have known that its employees had a propensity towards committing unlawful acts.

61. In violations of that duty, Defendant damaged Plaintiff by failing to supervise, train and hire appropriate personnel which resulted in lost wages owed.

62. As a direct and proximate result of Defendant's conduct described hereinabove, Plaintiff has sustained damages in excess of Fifteen Thousand Dollars ($15,000).

63. As a result of Defendant's conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

64. Defendant has acted willfully and maliciously, and with oppression, fraud, or malice, and a result of Defendant's wrongful conduct, Plaintiff is entitled to an award of

exemplary or punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For damages in excess of $15,000.00;
2. A judgment in the amount of all overtime wages, and lawful wages owed to Plaintiff;
3. All damages and penalties owed to Plaintiff under NRS 608.005, et seq.;
4. For liquidated damages;
5. For injunctive relief;
6. For declaratory relief;
7. For attorneys' fees and costs incurred in this action; and,
8. For such other additional relief as the Court deems just and proper.

Dated this __31st__ day of August 2020.

Respectfully submitted,

GABROY LAW OFFICES

By_____
Christian Gabroy, Esq.
Kaine Messer, Esq.
The District at Green Valley Ranch
170 South Green Valley Parkway
Suite 280
Henderson, Nevada 89012
Tel   (702) 259-7777
Fax  (702) 259-7704
Attorneys for Plaintiff

EXHIBIT I

EXHIBIT I

## CONSENT TO JOINDER

I, _____Jared Kohn_____, by signing below, hereby consent to join this case as a Plaintiff pursuant to 29 U.S.C. 216(b).

_____*JK*_____
Signature

1838 camino verde lane
_____

Address

Las vegas, NV 89119
_____

City, State, Zip



EXHIBIT 11



# EXHIBIT II

All City Pharmacy LLC
821 N Lamb Blvd Ste 4
NV 89110

Jared S Kohn



Direct Deposit

| Employee Pay Stub | | | Check number: DD1128 | | Pay Period: 04/01/2019 - 04/15/2019 | Pay Date: 04/19/2019 |
|---|---|---|---|---|---|---|

| Employee | | | | | SSN | |
|---|---|---|---|---|---|---|
| Jared S Kohn, | | | | | | |

| Earnings and Hours | Qty | Rate | Current | YTD Amount | Direct Deposit | Amount |
|---|---|---|---|---|---|---|
| Hourly | 94:00 | 60.00 | 5,640.00 | 29,115.00 | Checking | 4,497.54 |

| Taxes | Current | YTD Amount | Memo |
|---|---|---|---|
| Medicare Employee Addl Tax | 0.00 | 0.00 | Direct Deposit |
| Federal Withholding | -711.00 | -4,005.00 | |
| Social Security Employee | -349.68 | -1,805.13 | |
| Medicare Employee | -81.78 | -422.17 | |
| | -1,142.46 | -6,232.30 | |

| Net Pay | 4,497.54 | 22,882.70 |
|---|---|---|

All City Pharmacy LLC, 821 N Lamb Blvd Ste 4, NV 89110

Kohn 0045

All City Pharmacy LLC
821 N Lamb Blvd Ste 4
NV 89110

Jared S Kohn

Direct Deposit

| Employee Pay Stub | | | Check number: DD1190 | | Pay Period: 02/01/2020 - 02/19/2020 | | Pay Date: 02/20/2020 |
|---|---|---|---|---|---|---|---|
| **Employee** | | | | | SSN | Status (Fed/State) | Allowances/Extra |
| Jared S Kohn, | | | | | | Single/(none) | Fed-1/0/NV-0/0 |

| Earnings and Hours | Qty | Rate | Current | YTD Amount | Direct Deposit | Amount |
|---|---|---|---|---|---|---|
| Hourly | 95:35 | 62.00 | 5,926.17 | 26,107.17 | Checking - | 4,377.82 |

| Taxes | Current | YTD Amount | Memo |
|---|---|---|---|
| Medicare Employee Addl Tax | 0.00 | 0.00 | Direct Deposit |
| Federal Withholding | -1,095.00 | -4,605.00 | |
| Social Security Employee | -367.42 | -1,618.64 | |
| Medicare Employee | -85.93 | -378.55 | |
| | -1,548.35 | -6,602.19 | |
| **Net Pay** | 4,377.82 | 19,504.98 | |

All City Pharmacy LLC, 821 N Lamb Blvd Ste 4, NV 89110

Kohn 0025