# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JARED KOHN, an individual, | Case No.: 2:20-cv-01956-APG-VCF |
| Plaintiff | **Order Granting in Part Motion to Seal** |
| v. | [ECF No. 13] |
| ALL CITY PHARMACY L.L.C.; GAREN GARARAKHANYAN, an individual; EMPLOYEE(S)/AGENT(S) DOES I-X; AND ROE CORPORATIONS XI-XX, inclusive, | |
| Defendants | |

The parties move to seal their joint motion for court approval of their settlement. ECF No. 13.

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79. Among the compelling reasons which may justify sealing a record are when court files might become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Id.* at 1179 (quotation omitted). However, avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

The parties contend that the terms of their settlement should remain confidential to avoid improperly influencing future litigants and settlement positions. ECF No. 13 at 2.  That is a valid reason to seal the settlement agreement and the portions of the motion that reflect confidential information.  But the parties have sealed the entire joint motion to approve, even though most of it (¶¶ 1-5 and most of ¶ 6) contains no confidential information.  Only the exhibit and those portions of the motion that specifically reference the terms of the settlement may be sealed.  The remainder of the motion must be publicly accessible.

I will grant the motion to seal in part and allow the joint motion to approve the settlement to remain sealed.  But the parties must file a redacted, publicly accessible version of the motion to approve the settlement that (1) does not include the settlement agreement as an exhibit, and (2) redacts only the confidential terms of the settlement.

I THEREFORE ORDER that the joint motion to seal **(ECF No. 13) is granted in part. The filing at ECF No. 14 shall remain sealed.**

I FURTHER ORDER the parties to file a redacted, publicly accessible version of the motion to approve the settlement that (1) does not include the settlement agreement as an exhibit, and (2) redacts only the confidential terms of the settlement.  That document must be filed by January 22, 2021.

DATED this 8th day of January, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE